Filed 12/21/15  P. v. Wilkin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE, | C079315 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F1316) |
| v. | |
| JOSHUA JAMES WILKIN, | |
| Defendant and Appellant. | |

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appointed counsel for defendant Joshua James Wilkin has asked this court to review the record to determine whether there exist any arguable issues on appeal.  Defendant filed a supplemental brief raising issues relating to his plea.  We will affirm the judgment.

**BACKGROUND**

Defendant and the victim, K.B., had been in a relationship for approximately eight months before K.B. ended the relationship.  When defendant went to K.B.'s home to return her purse, K.B. requested that he leave it on the front porch.  Defendant forced his

1

way through the front door.  K.B. fled to the back bedroom with her three-year old daughter and locked the door.  Defendant forced his way into the bedroom and told K.B., "I'm going to kill you."  K.B. feared defendant would make good on his threat, having physically assaulted her several times during their relationship.  K.B. repeatedly told defendant to leave, but he became more agitated.  When she told him a friend was coming over, he paced around the house and then eventually left.

Defendant was charged by criminal complaint with first degree residential burglary (Pen. Code, § 459 -- count 1),[1] criminal threats (§ 422 -- count 2), and vandalism (§ 594, subd. (b)(1) -- count 3).  The complaint alleged that, as to counts 1, 2, and 3, defendant suffered a prior strike conviction (§ 1170.12) and served a prior prison term (§ 667.5, subd. (b)), and as to counts 1 and 2, defendant suffered a prior serious felony conviction (§ 667, subd. (a)(1)).  At the time of defendant's plea, the complaint was amended to reduce count 2 to a misdemeanor and add a second misdemeanor count, charging infliction of injury on a present or former cohabitant.  (§ 273.5, subd. (a) -- count 4.)

Defendant entered a negotiated plea of no contest to counts 2, 3, and 4 of the complaint, as amended, and admitted the prior strike in exchange for a stipulated state prison sentence of four years and dismissal of the balance of charges and allegations against him.  The parties stipulated the factual basis for the plea was provided in Redding Police Department report No. 15-14802.

The trial court denied probation and sentenced defendant to the midterm of two years on count 3, doubled pursuant to the prior strike, plus two concurrent 90-day terms for counts 2 and 4, for an aggregate term of four years in state prison as stipulated.  The court imposed a $1,200 restitution fine (§ 1202.4), a $1,200 parole revocation fine, stayed

---

[1]  Further undesignated statutory references are to the Penal Code.

pending successful completion of parole (§ 1202.45), and various other fines and fees, plus victim restitution to be determined by the Department of Corrections and Rehabilitation. The court also awarded defendant 37 days of presentence custody credit (19 actual days plus 18 days of conduct credit).

Defendant filed a timely notice of appeal, but did not obtain a certificate of probable cause.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

As previously noted, defendant exercised that right. He claims the trial court "failed to ascertain a factual basis" for his plea and thus he should be permitted to withdraw it. In particular, he asks "whether there was a factual basis of evidence to warrant a felony [section] 594[, subdivision] (b)(1) or a misdemeanor [section] 594[subdivision] (b)(2)?"

We were not provided with the police report underlying the stipulated factual basis. However, because defendant did not obtain a certificate of probable cause he cannot challenge the legality of his plea. (See *People v. Thurman* (2007) 157 Cal.App.4th 36, 44 fn. 6 [a contention that the court failed to make a sufficient inquiry into the factual basis for the plea challenges the legality of the plea]; *People v. Mendez* (1999) 19 Cal. 4th 1084, 1099 [appellate court must decline to review an issue that requires a certificate of probable cause if none was obtained].) To the extent defendant claims his plea was invalid, the claim is not cognizable on appeal given his failure to obtain a certificate of probable cause. (*In re Chavez* (2003) 30 Cal.4th 643, 651.)

To the extent defendant claims there is insufficient evidence to support his conviction for felony vandalism in violation of section 594, subdivision (b)(1), although

3

he contends he does not make this claim, his plea of no contest conclusively foreclosed the issue. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896.)

Having otherwise undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.

/s/
Duarte, J.

We concur:

/s/
Hull, Acting P. J.

/s/
Hoch, J.